# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1594SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| | * | for the District of |
| v. | * | South Dakota. |
| | * | |
| Jeff Sweesy, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 16, 2001

Filed: November 27, 2001

_____

Before BYE, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.


Jeff Sweesy was convicted by a jury of attempting to manufacture methamphetamine. The District Court[1] sentenced him to 13 years and 8 months (140 months) in prison, and he appeals.

_____

[1]The Hon. Karen E. Schreier, United States District Judge for the District of South Dakota.

We think the issues are familiar and do not require extended discussion. Defendant first asserts that the evidence was insufficient to make out a jury question on all of the elements of the crime of attempt to manufacture methamphetamine. The government's evidence was not abundant, but it was sufficient. Defendant was in possession of three of the four ingredients necessary for manufacture. On a recent occasion, he had sold methamphetamine that had recently been manufactured by someone. He knew how to manufacture it, and had discussed methods of manufacturing with another person. We think a reasonable jury could have found from this evidence, along with the other evidence in the record, that the defendant possessed the ingredients for manufacture, together with some other drug paraphernalia, that this possession was an affirmative step towards the completion of the crime of manufacturing, and that defendant intended to complete the crime, and would have done so had he not been interrupted by a search.

Defendant's principal other argument is that the District Court abused its discretion in denying him a reduction in his offense level for acceptance of responsibility. The defendant pleaded not guilty and went to trial. He denied two of the essential elements of the crime, intent and an affirmative step towards the completion of the underlying offense. We recognize that this is not an absolute bar to the reduction requested. It is, however, primarily for the district judge, the person on the spot, to make a moral judgment as to the defendant's level of contrition. Here, defendant not only denied essential elements of the crime, he contested some of the government's subsidiary evidentiary facts. This was the District Court's call. We see no abuse of discretion.

Affirmed.

BRIGHT, Circuit Judge, dissenting.

I concur in the conviction but dissent on the imposed sentence. Jeff Sweesy is entitled to a credit for acceptance of responsibility under the Sentencing Guidelines.

In this case, the undisputed facts disclose that Mark Bender, Sweesy's neighbor, gave Sweesy a box of chemicals as a Christmas present in December 1999. On December 28, 1999, Game, Fish and Parks officials had a report of illegal poaching on Sweesy's property. Police executed a search warrant on Sweesy's house. The search uncovered a glass beaker in his living room and drug paraphernalia located in places throughout the house. No methamphetamine, chemicals to make methamphetamine, or methamphetamine lab were found. The police apparently did not discover or seize the box of chemicals. Police arrested and charged Sweesy with a gaming violation.

On January 3, 2000, Sweesy contacted the authorities regarding the chemicals and glassware. After obtaining a second search warrant, police returned to Sweesy's home. Sweesy directed officers to the location of the chemicals. Police then arrested Sweesy.

Prior to trial, Sweesy admitted to possessing the chemicals and drug paraphernalia and knowing how to manufacture methamphetamine. However, he denied any intent to manufacture methamphetamine. At trial, the government presented evidence that Sweesy had previously sold methamphetamine to prove his intent to manufacture methamphetamine.

The Presentence Report indicated that Sweesy may be entitled to a reduction of his offense level based on acceptance of responsibility. The probation officer determined that this case would fall under the exception to United States Sentencing

Guideline section 3E1.1 for acceptance of responsibility. Application note 2 provides:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt. . . . Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, cmt. n.2 (2000). The district court determined that the reduction was not warranted because "the defendant went to trial to preserve a factual issue dealing with whether he was guilty, that being whether he intended to manufacture methamphetamine."

Sweesy did not testify at trial. Therefore, the element of intent rested on the jury's inferences from the undisputed facts. Sweesy recognized responsibility when he admitted possession and turned the materials over to law enforcement personnel. These facts are not in dispute. What he denied was the inference that the mere possession of the materials constituted an attempt to manufacture methamphetamine. He did not deny his conduct, he merely raised a good faith legal objection to the conclusions drawn from that conduct.

The question of Sweesy's guilt was the subject of two trials. The first jury did not convict Sweesy. The government presented a weak case, one barely enough to support a conviction from the second jury. A close question existed as to whether Sweesy's possession of chemicals useable to manufacture methamphetamine is sufficient to establish an intent to manufacture methamphetamine. Intent reflects a

state of mind.  Nothing in the acceptance-of-responsibility provision in the Sentencing Guidelines requires a defendant to admit his intent.  Rather, the provision addresses conduct, Sweesy admitted his conduct.

The sentence imposed is a mighty long time, thirteen years and eight months, especially when the defendant did not produce methamphetamine and turned over the incriminating materials of his own accord.

Most judges, in my opinion, would have granted a reduction in the offense level for acceptance of responsibility.  Judges should take into account that many guideline drug sentences are often heavier than is warranted by the nature of the crime.  This is where a district judge's discretion becomes important and where the judge often should take advantage of the provisions that permit reducing sentences under the guidelines.

While the determination of the sentencing judge is entitled to great deference, in this case the district judge made a mistake.

Thus, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.